UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
TERESA DeMOTT and ROBBIE PACE, :
: 11 Civ. 6966 (PAE)
Plaintiffs, :
: OPINION AND ORDER
-v- :
:
GEORGE C. BACILIOUS, ANTOINE MOMPREMTER, :
NOELIA C. MORENO, ELRAC, INC., and ENTERPRISE :
RENT-A-CAR CORPORATION, :
:
Defendants. :
:
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      In this diversity action, defendants Noelia C. Moreno, Elrac, Inc., and Enterprise Rent-A-Car Corporation (together, "the moving defendants") move for dismissal of the complaint on the basis of a lack of personal jurisdiction and/or improper service, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). For the reasons that follow, the Court concludes that plaintiffs have not properly served any of the moving defendants. As to defendants Moreno and Elrac, Inc., the Court exercises its discretion under Federal Rule of Civil Procedure 4(a) to grant plaintiffs 30 days from the date of this Order to properly serve these defendants. As to defendant Enterprise Rent-A-Car, the Court dismisses plaintiffs' claims, without prejudice.

**I.    Background**

      This is a personal injury action arising out of a two-car accident that occurred on April 18, 2008, at the intersection of 11th Avenue and West 40th Street in Manhattan. Plaintiff Teresa DeMott, a Connecticut resident, alleges that a car driven by defendant George K. Bacilious and owned by defendant Antoine Mompremter ("the Bacilious car") collided with a rental car driven

1

by defendant Moreno and rented from defendants Elrac, Inc. and Enterprise Rent-A-Car Corporation ("the Moreno car"), and that the rental car then struck her. Plaintiff Robbie Pace, also a Connecticut resident, claims injuries to himself derivative of those to DeMott, his wife.

Defendants Bacilious, Mompremter, and Moreno are New York residents. Defendant Elrac, Inc. is a Delaware corporation doing business in New York. Defendant Enterprise Rent-A-Car is alleged by plaintiffs to be a New York corporation. (In fact, as is discussed later, defendants represent that Enterprise Rent-A-Car is not a corporation doing business in New York, but merely a trademarked name through which Elrac, Inc. has done business.)

Plaintiffs initiated this action on January 20, 2011, by filing a summons and Complaint in New York State Supreme Court, in the Bronx. The moving defendants represent that they first learned of that lawsuit on September 9, 2011, when a copy of the complaint was sent to them by plaintiffs' counsel.

On October 5, 2011, after having obtained consent from plaintiffs to extend the time to appear and answer until October 13, 2011, the moving defendants removed the case to federal court, pursuant to 28 U.S.C. §§ 1332 & 1441. On October 10, 2011, the moving defendants filed an answer. It listed, as an affirmative defense, that the Court lacked personal jurisdiction over the moving defendants because plaintiffs had failed to properly serve them. *See* Defs.' Mem. Ex. F ¶ 52. The moving defendants also filed cross-claims against defendants Bacilious and Mompremter. The cross-claims were based on the asserted negligence or contributory negligence of the Bacilious car. *Id.* ¶¶ 53-54.

Defendants Bacilious and Mompremter have not appeared in this action, and are not parties to the pending motion to dismiss.

On December 5, 2011, the moving defendants moved to dismiss, asserting a lack of personal jurisdiction and/or improper service. In support of this motion, defendant Moreno submitted a sworn affidavit attesting that she had not been personally served and that a copy of the summons and complaint had never been left at her residence. Rather, she attested, she had first received a copy of the complaint only by mail. Defs.' Mem. Ex. G. Defendants Elrac, Inc., and Enterprise Rent-A-Car, in turn, argued that plaintiffs' attempted service on them – via a process server, who purported to effect service on them at an address identified as "619 East Fordham Avenue, Bronx, NY" – was deficient. On January 3, 2012, plaintiffs responded, arguing that service had been proper as to all three moving defendants, and attaching purported affidavits of service upon the three defendants. On January 27, 2012, the moving defendants submitted a reply.

## II.   Discussion

### A.   Applicable Legal Principles

A plaintiff must effectuate valid service of process before the district court can assert personal jurisdiction over a defendant. *Yan v. Bah Bocar*, No. 04-cv-4194, 2005 U.S. Dist. LEXIS 28390, at *9 (S.D.N.Y. Sept. 8, 2005); *Pearson v. Bd. of Educ.*, No. 02-cv-3629, 2004 U.S. Dist. LEXIS 20492, at *9 (S.D.N.Y. Oct. 12, 2004); *Harte v. Iberia Airlines*, No. 02-cv-3624, 2002 U.S. Dist. LEXIS 14964, at *5-6 (S.D.N.Y. Aug. 13, 2002); *Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 103 (1987)). Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action against a defendant for whom service of process was insufficient.

Federal Rule of Civil Procedure 4 sets forth the rules applicable to service of process. Rule 4(e) provides that, absent a waiver, an individual defendant must be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). As to corporate defendants, Rule 4(h)(1) provides that, absent a waiver, a domestic corporation must be served:

> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).

The law of the State of New York, for purposes of Rule 4(e)(1), allows for four methods of service on an individual. Among the acceptable methods are "delivering the summons within the state to the person to be served," N.Y. C.P.L.R. § 308(1), and "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and then, within 20 days of delivery, either "mailing the summons to the person to be served at his or her last known residence" or "mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential'," N.Y. C.P.L.R. § 308(2); *see also Dezonie v. Asset Prot. & Sec., Inc.*, No. 08-cv-11261, 2009 U.S. Dist. LEXIS 55764, at

*6 (S.D.N.Y. June 30, 2009); *Pearson*, 2004 U.S. Dist. LEXIS 20492, at *8-9.  As for personal service upon a corporation, it "shall be made by delivering the summons . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  N.Y. C.P.L.R. § 311(a)-(a)(1).

Where a defendant contests personal jurisdiction based on improper service of process, the plaintiff bears the burden of proving adequate service.  *Dezonie*, 2009 U.S. Dist. LEXIS 55764, at *5; *J.G. ex rel. J.G. v. Bd. of Educ. of Briarcliff Manor Union Free Sch. Dist.*, No. 07-cv-7245, 2008 U.S. Dist. LEXIS 62381, at *6 (S.D.N.Y. Aug. 14, 2008); *Pearson*, 2004 U.S. Dist. LEXIS 20492, at *9-10; *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y. 1986); *see also Am. Inst. of Certified Pub. Accountants*, 8 F. Supp. 2d at 375-76; *Lamar v. Am. Basketball Ass'n*, 468 F. Supp. 1198, 1201 (S.D.N.Y. 1979).  To satisfy this burden, "[c]onclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process."  *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999).  Similarly, defective service is not cured or overcome "'on the mere assertion that a defendant had actual notice.'"  *J.G. ex rel. J.G*, 2008 U.S. Dist. LEXIS 62381, at *6-7 (quoting *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006)); *see also Dezonie*, 2009 U.S. Dist. LEXIS 55764, at *6; *FDIC v. O'Connor*, No. 94-cv-4218, 2008 U.S. Dist. LEXIS 49219, at *3 (S.D.N.Y. June 24, 2008).

In deciding a Rule 12(b)(5) motion, the Court must look to matters outside the complaint to determine whether service was adequate.  *See, e.g.*, *J.G. ex rel. J.G.*, 2008 U.S. Dist. LEXIS 62381, at *6; *see also LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999) ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues

of fact by reference to evidence outside the pleadings, such as affidavits."); *Weston Funding, LLC*, 451 F. Supp. 2d at 587-88. The Court may consider additional documents as a matter of judicial notice. *See* Fed. R. Evid. 201(b)(2).

### B. Analysis

#### 1. Service Upon Defendant Moreno

In moving for dismissal, Moreno asserts that that she was never served at all. Rather, she states in her sworn affidavit that she first received the complaint by regular mail well after 120 days after the filing of the Complaint. As corroboration for this claim, counsel for the moving defendants have furnished the Court with copies of letters that they sent to plaintiffs' counsel, dated September 30, 2011 and October 26, 2011. These letters each requested copies of the process-server's affidavit of service upon Moreno. *See* Defs.' Mem. Exs. D & E. Moreno's counsel also represents that, despite these requests – and a similar oral request – as of the time that the moving defendants filed the instant motion, plaintiffs' counsel had not supplied such an affidavit (or even responded to those letters). *See* Defs.' Mem. 5. In further support of her motion, Moreno also submitted a sworn affidavit, signed November 15, 2011. Moreno states that that she had never been personally served and that the summons and complaint were never left at her residence. Defs.' Mem. Ex. G.[1]

---

[1] Countering this claim, plaintiffs' counsel represents that, as attachments to a letter he sent to defendants' counsel dated September 7, 2011, he included affidavits of service for "Ms. Moreno, Elrac Inc. and Enterprise Rent-A-Car Corporation." *See* Affirm. of Kevin D. O'Dell, Esq. ¶ 13 ("O'Dell Affirm."). In fact, the text of that letter, *see* O'Dell Affirm. Ex. D, belies plaintiffs' counsel's claim as to defendant Moreno. The September 7, 2011 letter states that it was attaching affidavits of service with respect to the two corporate defendants. It says nothing about an affidavit of service with respect to Moreno. Had the September 7, 2011 letter attached an affidavit of service as to Moreno, there presumably would have been no need for defendants' counsel to send his letters of September 30, 2011 and October 26, 2011, requesting that affidavit of service.

In response, plaintiffs make two arguments. First, they claim that defendants have waived the right to challenge service as part of a written stipulation in which counsel for defendants, purportedly, agreed not to move against the Complaint. As context, plaintiffs represent that (1) the moving defendants had been in default for failing to timely respond to the Complaint, and (2) purely as a "professional courtesy," plaintiffs' counsel entered into a "formal stipulation" giving defendants additional time to answer but not to move to dismiss. O'Dell Affirm. ¶¶ 4-9.

Having reviewed the parties' stipulation, dated September 13, 2011, the Court notes that the stipulation states only that plaintiffs consent to extend defendants' time "to appear and/or answer" until October 13, 2011. *See* O'Dell Affirm. Ex. F. The stipulation does not state that defendants are precluded from moving to dismiss. Plaintiffs note that an earlier unsigned draft stipulation had stated that plaintiffs consented to extend defendants' time "to appear and/or otherwise move" until October 13, 2011. *See* O'Dell Affirm. Ex. E. From this, plaintiffs ask the Court to infer that the signed stipulation implicitly precludes the moving defendants from making any motions at this stage of the case. However, the stipulation that the parties actually signed is what governs. By its terms, that stipulation does not preclude a defendant from moving to dismiss in addition to filing an answer.

Had plaintiffs intended to negotiate an agreement precluding motions under Federal Rule of Civil Procedure 12, it was incumbent on plaintiffs to draft one that said so explicitly. Without a clear expression of an agreement to this effect, the Court will not infer an agreement barring defendants from moving to dismiss for improper service, let alone making any motions directed at the Complaint. *See Bernadin v. I.N.S.*, No. 01-misc-153, 2002 U.S. Dist. LEXIS 8766, at *6 (E.D.N.Y. Apr. 22, 2002) (extensions of time in which to answer do not preclude ability to

challenge jurisdiction); *Berkowitz by Berkowitz v. New York City Bd. of Educ.*, 921 F. Supp. 963, 969 (E.D.N.Y. 1996) (a stipulation extending defendant's time to answer "does not equate to a waiver of personal jurisdiction objections"); *cf. Elbex Video Kabushiki Kaisha v. Taiwan Regular Electronics Co.*, No. 93-cv-6160, 1994 U.S. Dist. LEXIS 6148, at *9-10 (S.D.N.Y. May 10, 1994) (filing of requests for extensions of time and participation in one settlement discussion not sufficient to preclude defendant from objecting to personal jurisdiction on basis of improper service of process). It is, further, revealing that, in the two months after defendants filed their answer setting forth improper service as an affirmative defense, plaintiffs did not move to strike that defense as, purportedly, barred by the parties' stipulation. Plaintiffs' counsel's inaction is circumstantial evidence that they did not regard the stipulation as precluding, *sub silentio*, such a motion.[2]

    Plaintiffs' second argument is that they have established, in fact, that Moreno was served with the summons and complaint, on February 1, 2011. To this end, along with their opposition papers, plaintiffs have supplied the Court with an affidavit of service, sworn to by the process server, Assmat Abdelrahman, and dated February 3, 2011. *See* O'Dell Affirm. Ex. C. (This is the first time that plaintiffs have come forward with that affidavit of service. As noted, defendants' counsel asked for that affidavit several times but were not furnished it. *See supra* note 1.) Abdelrahman's affidavit of service states that, on February 1, 2011, he delivered plaintiffs' summons and complaint to a "Karen Moreno" at 1115 Noble Avenue, Bronx, N.Y.,

---

[2] To the extent plaintiffs' argument may be read to claim that defendants' motion under Rule 12(b)(5) is untimely, the Court rejects that claim. The documentary record supplied to the Court reflects that defendants' counsel, before moving on this ground, repeatedly requested copies of the affidavits of service, to no avail. It appears that defendants' counsel held off filing a motion based on Rule 12(b)(5) while these requests were being made, in late September and October 2011. Regrettably, plaintiffs' counsel declined those repeated requests. Under these circumstances, basic principles of equity counsel in favor of permitting defendants to file this motion at this time.

10472, at "1940 hours."  It states that "Karen Moreno" identified herself to Abdelrahman as the "co-tenant" of defendant Noelia C. Moreno.  It identifies Karen Moreno as "a person of suitable age and discretion."  It states that, on February 3, 2011, Abdelraham mailed the complaint to defendant Moreno by first class mail, in an envelope marked "personal and confidential."[3]

Although the matter is not free from doubt, on the facts at hand, the Court finds that plaintiffs have failed to carry their burden to demonstrate proper service.  There is no claim that defendant Moreno was personally served.  Rather, plaintiffs' claim, as attested to by Abdelrahman in a supplemental affidavit filed with plaintiffs' opposition papers, is that service upon her was effected by service at her home upon "Karen Moreno," a "co-tenant" of "suitable age and discretion," at defendant Moreno's home.  *See* O'Dell Affirm. Ex. H.  This claim, however, has significant indicia of unreliability.  Along with their reply papers, defendants have submitted the sworn affidavit of Karen Haynes-Moreno, sworn to on January 26, 2012.  Defs.' Reply Mem. Ex. C.  In her affidavit, Haynes-Moreno flatly contradicts plaintiffs' claims.  Haynes-Moreno states that she is defendant Noelia C. Moreno's mother.  She states that: (1) no process server ever came to her home and she was never served with a summons and complaint; (2) contrary to the process server's description of "Karen Moreno" as having black hair, weighing 140 pounds, and being age 45, she has reddish-brown hair, weighs 175 pounds, and is 54 years old; and (3) contrary to Abdelrahman's February 3, 2011 affidavit, she did not and would never refer to defendant Moreno, who is her daughter, as a "family member."  *Id.*  Thus,

---

[3] Plaintiffs' counsel represents that "Ms. Moreno received a copy of the Summons and Complaint from her co-tenant, sister, cousin, or other family member, Karen Moreno, after same had been served on February 1, 2011."  *See* O'Dell Affirm. ¶ 27.  Counsel does not explain the basis for this factual representation, which appears to be a pure *ipse dixit*.  Accordingly, the Court does not accord any weight to this representation.

there is a swearing contest between Haynes-Moreno and Abdelrahman as to whether or not Haynes-Moreno accepted service of process for defendant Moreno.

For a number of reasons, the associated circumstances prevent the Court from crediting the process server's allegation over Haynes-Moreno's denial. For these reasons, and because the burden is on plaintiff to establish service affirmatively, the Court concludes that plaintiff cannot prevail on this point.

First, as noted by Haynes-Moreno, there are factual inaccuracies in the process server's affidavit, including as to Haynes-Moreno's name and physical characteristics. These call into question whether service was, in fact, provided. Second, it is improbable that Haynes-Moreno, if she had affirmatively agreed to accept service as Abdelrahman has represented in his supplemental affidavit, *see* O'Dell Affirm. Ex. H, would have used the bureaucratic locution of "family member" to describe her relationship to defendant Noelia Moreno, her daughter. Third, plaintiffs' counsel's repeated, and curious, refusal to furnish defendants' counsel with the process server's affidavit, despite their multiple requests, is irregular and troubling. Viewed in light of Haynes-Moreno's flat denial that a process server ever came to her home, it suggests that plaintiffs' counsel, too, recognized that there were infirmities in the process server's affidavit of service upon "Karen Moreno." Fourth, plaintiffs' counsel's representations with respect to service as to defendant Moreno are undermined by the other problematic factual declarations in their submissions to the Court with respect to service. These include counsel's unsubstantiated declaration that Noelia Moreno received the summons and complaint from "Karen Moreno." *See supra* note 3. Fifth and finally, as noted in the ensuing discussion, plaintiffs' account as to purported service on the corporate defendants raises serious questions about the level of care that went into plaintiffs' service of process. This, in turn, makes it difficult to credit plaintiffs'

disputed claim of service as to defendant Moreno. Viewed together, these irregularities and problematic circumstances leave the Court without confidence that a copy of the summons and complaint was left with defendant Moreno's mother at all.

For these reasons, plaintiffs thus have failed to carry their burden to establish proper service on defendant Moreno. On the contrary, on the paper record, the weight of the evidence – including the circumstantial evidence noted above – favors defendants' claim that plaintiffs failed to effect proper service. *See FDIC v. O'Connor*, 2008 U.S. Dist. LEXIS 49219, at *4; *Khan v. Ahmed*, No. 05-cv-7118, 2007 U.S. Dist. LEXIS 29496, at *3-5 (S.D.N.Y. Apr. 13, 2007); *Allianz Ins. Co. v. Otero*, No. 01-cv-2598, 2003 U.S. Dist. LEXIS 1284, at *7-8 (S.D.N.Y. Jan. 29, 2003). As noted, this defective service is not cured by the fact that defendant Moreno later came to have actual notice of the complaint. *See Dezonie*, 2009 U.S. Dist. LEXIS 55764, at *6; *J.G. ex rel. J.G*, 2008 U.S. Dist. LEXIS 62381, at *6-7. The Court's discretionary decision to give plaintiffs 30 days to effect proper service, *see infra* p. 16, will, however, provide plaintiffs an opportunity to cure.[4]

### 2. Service Upon the Corporate Defendants

As to the two corporate defendants – Elrac, Inc., and Enterprise Rent-A-Car – plaintiffs have tendered for each an affidavit of service, sworn to by Abdelrahman and dated February 3, 2011. In each affidavit, Abdelrahman avers that he effected service on the corporate entity on

---

[4] The Court emphasizes that is not finding Abdelrahman's affidavits necessarily false. Rather, the Court is relying on the circumstantial evidence that calls into question the claims of service and the fact that it is plaintiffs' burden to establish proper service, not defendants' to disprove it. The Court doubts that, given these circumstances, an evidentiary hearing at which Abdelrahman and Haynes-Moreno could testify as to their diametrically opposite versions of the events of February 1, 2011, has a realistic prospect of changing this conclusion. This issue is, in any event, mooted by the fact that the Court is exercising its discretion to permit plaintiffs 30 days to provide proper service on defendant Moreno. Should plaintiffs' counsel decide to attempt to serve defendant Moreno, the Court expects that counsel will do so in a manner that leaves no doubt as to the propriety of service.

February 1, 2011, by serving the summons and complaint at 619 East Fordham Avenue, Bronx, New York, on a man at the rental car office who "refused to give [his] name" but whom Abdelraham described as a black male, age 30, standing 5'8", weighing 170 pounds, and wearing glasses. Abdelrahman's affidavits both state, without further exposition, that this unidentified man was "authorized" to accept for the corporation in question. *See* O'Dell Affirm. Ex. C.

The Court finds this service, too, inadequate. As to Elrac, Inc., defendants have demonstrated by sworn affidavit that Elrac, Inc., ceased to do business in New York State as of August 2009. *See* Defs.' Mem. Ex. I ¶¶ 6-7 (Aff. of Lauren Farrell, risk supervisor at Elrac, Inc.) ("Farrell Aff."); *see also* Defs.' Mem. Ex. J (printout from New York State Division of Corporations website, reflecting termination of Elrac, Inc.'s status as an active corporation within New York State as of August 3, 2009). A separate company, Elrac LLC, thereafter took over Elrac, Inc.'s premises at 619 East Fordham Avenue and was occupying them as of February 2011. Farrell Aff. ¶ 8. Revealingly, plaintiffs do not dispute this representation. Thus, the unrebutted evidence is that it was, literally, impossible for Elrac, Inc., to be served at the premises in question on February 1, 2011.

Rather, at all times up through the date this motion was filed, Elrac, Inc. had designated with the New York State Secretary of State an agent to accept the service of process. *Id*. ¶¶ 4-5, 9. Plaintiffs could easily have effected (and still may effect) proper service on Elrac, Inc., pursuant to Fed. R. Civ. P. Rule 4(h)(1)(B), by serving this agent. For reasons plaintiffs do not explain, they did not avail themselves of this option. *Id*. ¶ 5.

Even if Elrac, Inc., still occupied the premises at 619 East Fordham Avenue as of February 2011, the ambiguous circumstances reflected in Abdelrahman's February 3 affidavit as to this service fall short of establishing proper service upon Elrac, Inc., even given the liberal

construction that courts have given to N.Y. C.P.L.R. § 311.  The burden is on plaintiffs to show a basis for inferring that the defendant has authorized a particular person to accept service of process on its behalf.  *See Am. Inst. of Certified Pub. Accountants*, 8 F. Supp. 2d at 376.  The circumstances here do not give rise to such an inference.  A person who works at a rental car outlet and refuses to give his name to a process server does not, without more, qualify as "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), on behalf of the corporation, or "an officer, director, managing or general agent, or cashier or assistant cashier or . . . any other agent authorized by appointment or by law to receive service," N.Y. C.P.L.R. § 311, on behalf of that corporation.  *See Gleizer v. Am. Airlines, Inc.*, 815 N.Y.S.2d 740 (2d Dep't 2006) (receptionist not authorized agent to accept service under § 311); *Reuter v. Haag*, 638 N.Y.S.2d 673 (2d Dep't 1996) (delivery of copy of summons and complaint to receptionist not proper service under § 311); *Todaro v. Wales Chemical Co.*, 570 N.Y.S.2d 595 (2d Dep't 1991) (office clerk not agent authorized to accept service under § 311).

Tellingly, Abdelrahman's affidavit of service of February 3, 2011, did not state that the employee who refused to identify himself affirmatively indicated, by words or conduct, that he was authorized to accept the summons and complaint.  The affidavit is instead at least equally consistent with the supposition that, having asked for and not been given the employee's name, Abdelrahman simply left the summons and complaint at 619 East Fordham Avenue, and departed.  *See* Farrell Aff. ¶ 8 (attesting that the clerks employed and on duty at 619 East Fordham Avenue at the time of alleged service on February 1, 2011, "denied ever being contacted by a process server regarding this lawsuit, let alone being asked to accept any legal papers").

Under these circumstances, even assuming Elrac were an extant entity as of February 2011, this is not a case in which service of a corporate employee could be upheld under the concept of apparent authority. A mere desk clerk who refuses to give his name to a process server does not, without more, convey "apparent authority" to accept service for the corporate entity for which he works. *Compare Dezonie*, 2009 U.S. Dist. LEXIS 55764, at *10-11 (collecting cases where apparent authority was found) *with Lombay v. Padilla*, 895 N.Y.S.2d 503, 505 (2d Dep't 2010) (collecting cases where apparent authority was not found). [5]

These same deficiencies apply to plaintiffs' attempt to serve Enterprise Rent-A-Car Corporation. In addition, defendants represent the following:

> Elrac, Inc. is a Delaware corporation in the business of renting motor vehicles to [the] general public. It does business as "Enterprise Rent-A-Car," our company's trademark. The plaintiff in this action also named "Enterprise Rent-A-Car Corporation" as a defendant in this action. This was done in error as "Enterprise Rent-A-Car Corporation" has nothing to do with this action for personal injury arising from a 2008 motor vehicle accident which involved a rental car, a 2006 Mitsubishi, with the license plate CYL1934, which was owned and rented by Elrac, Inc., not by "Enterprise Rent-A-Car Corporation." As such, "Enterprise Rent-A-Car Corporation" is [an] improperly named defendant and the case against it must be dismissed.

Farrell Aff. ¶ 2. Plaintiffs have not refuted this showing with any evidence that "Enterprise Rent-A-Car Corporation" was, in fact, anything other than a trade name.

---

[5] As discussed, along with the O'Dell Affirmation in opposition to the motion to dismiss, plaintiffs submitted a supplemental affidavit from Abdelrahman. O'Dell Affirm. Ex. H. Abdelrahman stated in the new affidavit, for the first time, that he had asked the anonymous employee "if he was authorized to accept service of process upon Enterprise Rent-A-Car Corporation and Elrac, Inc. and he responded in the affirmative," all while "refus[ing] to give his name despite my multiple attempts at attempting to obtain his name." O'Dell Affirm. Ex. H, at 3. This claim invites skepticism. Abdelrahman does not explain why such an employee would represent that he was an agent of a company, Elrac, Inc., which the unrebutted evidence has demonstrated was no longer in business in New York City, or situated at the address in question, at the time.

Accordingly, the Court concludes that plaintiffs' counsel's half-hearted attempts to serve their clients' complaint did not effectuate proper service on either corporate defendant.

### 3. Remedies

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiffs do not seek such an extension for good cause. Instead, they confine their briefs to claiming, insistently, that service was adequate.

However, that is not the end of the story. Even where good cause is not shown, the Court has discretion, under Fed. R. Civ. P. 4(a) to decline to dismiss a complaint in order to extend the time for plaintiff to complete service of process upon a defendant. *See Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir. 2007) (courts have "discretion to grant extensions even in the absence of good cause"; such discretion should be exercised after a "weighing of overlapping equitable considerations"); *Remice v. Zenk*, No. cv-03-286, 2008 U.S. Dist. LEXIS 77312, at *15-16 (E.D.N.Y. Sept. 30, 2008); *Hertzner v. U.S. Postal Service*, No. 05-cv-2371, 2007 U.S. Dist. LEXIS 19691, at *16-17 (E.D.N.Y. Mar. 20, 2007); *see also Grammenos v. Lemos*, 457 F.2d 1067, 1071 (2d Cir. 1972) ("the fact of invalidity of the one attempt at service does not automatically require dismissal of the complaint. . . . [T]he court has power, under Fed. R. Civ. P. 4(a), if the service is invalid or improper, to cause additional or new summons to be issued and good service attempted."). The factors bearing on whether to extend time to complete service of process include: (1) whether statutes of limitations would bar the refiling of this action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3)

whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the time for service. *Remice*, 2008 U.S. Dist. LEXIS 77312, at *15-16; *Hertzner*, 2007 U.S. Dist. LEXIS 19691, at *20-21.

After weighing these considerations, the Court's judgment is that a brief extension of time to permit plaintiffs to effect valid service on defendants Moreno and Elrac, Inc., is merited. The Court will therefore not dismiss the complaint against those defendants provided that proper service is effected within 30 days of this Order.

As to the first factor, defendants represent that the statute of limitations has run and would prevent the refiling of this action. The Court is unwilling to visit this severe consequence on plaintiffs, who seek recovery as a result of being struck by an automobile, solely because of the inattention of their counsel. "[C]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Beauvoir v. U.S. Secret Service*, 234 F.R.D 55, 58 (E.D.N.Y. 2006) (citation and internal quotation marks omitted); *see also Remice*, 2008 U.S. Dist. LEXIS 77312, at *16; *Hertzner*, 2007 U.S. Dist. LEXIS 19691, at *21-22. This factor is the most significant in the Court's analysis.

As to the second factor, by fall 2011, the moving defendants had actual notice of this lawsuit, by virtue of the exchange of letters among counsel. The moving defendants therefore had an ability to prepare to meet it, which counsels in plaintiff's favor.

The third factor weighs against plaintiffs: This is not a case where defendants attempted to conceal the defect in service. *See, e.g.*, *Hertzner*, 2007 U.S. Dist. LEXIS 19691, at *23. On the contrary, defendants openly pressed plaintiffs to see the purported affidavits of service.

As to the fourth factor, there is no apparent prejudice to defendants from giving plaintiffs a 30-day extension to effect service. *Id.* On the contrary, there would be palpable prejudice that would fall on others from failing to extend this time – on plaintiffs, but also on the non-moving defendants. Assuming that defendants Bacilious and Mompremter remain in the case – and they may have their own meritorious challenges to plaintiffs' service – they have an obvious interest in having the litigation arising out of this two-car accident also include the driver (defendant Moreno) and owner (Elrac, Inc.) of the second car (which was the one which struck plaintiff DeMott).

The Court will, however, order dismissal of the complaint against Enterprise Rent-A-Car Corporation. Defendants have demonstrated – and plaintiffs do not refute – that Elrac, Inc., not Enterprise Rent-A-Car, was the entity from which defendant Moreno rented the automobile in question. Defendants have represented that Enterprise Rent-A-Car never owned or rented out that car or operated out of the facility from which it was rented and that Enterprise Rent-A-Car was merely a trademarked name used by Elrac, Inc. Plaintiffs do not specifically contest those representations. No constructive purpose would, therefore, be served by extending the time to serve Enterprise Rent-A-Car.

**CONCLUSION**

For the foregoing reasons, the Court finds that:

1. Plaintiffs have not effected proper service on defendants Noelia C. Moreno and Elrac, Inc. However, the Court exercises its discretion to extend plaintiffs' time to effect service. Plaintiffs have 30 days from the date of this Order to properly serve these defendants. *If proper service is not made on these defendants within 30 days of this Order, the Court will dismiss the complaint against these defendants.* Plaintiffs are directed to file docket entries on ECF reflecting service on these defendants immediately upon completion. If such service is made, these defendants will have 20 days following the date of service to answer or move against the Complaint.

2. The Complaint against defendant Enterprise Rent-A-Car Corporation is dismissed without prejudice.

In addition, as to George C. Bacilious and Antoine Mompremter, the non-moving defendants, the Court directs the following:

1. Plaintiffs are directed, within seven (7) days of the filing of this Order, to submit to the Court a sworn affidavit attesting to whether service has been made on the non-moving defendants and, if so, setting forth the circumstances of that service.

2. Plaintiffs are also directed, within seven (7) days of the filing of this Order, to serve the non-moving defendants with every document that has been filed to date in this litigation. Such service should be by means consistent with Fed. R. Civ. P. 4. These documents should include, but are not meant to be limited to, (1) the Complaint, (2) the moving defendants' Answer, (3) all submissions to the Court, whether by plaintiffs or the moving defendants, on the instant motion to dismiss, and (4) this Opinion and Order. Upon effecting such service, Plaintiffs

are directed to file docket entries on ECF reflecting service on these defendants immediately upon completion. Upon service of these materials, the non-moving defendants will have 20 days to answer or move against the Complaint.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: February 23, 2012
      New York, New York